*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s):
   DERRICK PAUL CHAN AND CYNTHIA REIKO CHAN

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☒ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order Converting Case to Chapter 7

2. State the date on which the judgment, order, or decree was entered: 8/20/2018

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: Martha G. Bronitsky, Chapter 13, Trustee    Attorney: _____

2. Party: Derrick Paul Chan and Cynthia Reiko Chan, Debtors    Attorney: David A. Boone
   The Law Offices of David A Boone
   1611 The Alameda, San Jose, CA 95126
   Tel: (408) 291-6000

3. Party: Sarah L. Little, Chapter 7 Trustee    Attorney: Gregg S. Kleiner
   Rincon Law, LLP
   268 Bush St. #3335
   San Francisco, CA 94104

Official Form 417A          Notice of Appeal and Statement of Election          page 1

Case: 14-41673    Doc# 61    Filed: 08/24/18    Entered: 08/24/18 15:38:00    Page 1 of 2
Case: 14-41673    Doc# 66-1    Filed: 08/28/18    Entered: 08/28/18 14:05:52    Page 1 of 6

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

/s/ David A. Boone
Signature of attorney for appellant(s) (or appellant(s) if not represented by an attorney)

Date: 8/24/2018

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):
David A. Boone
Law Offices of David A. Boone
1611 The Alameda, San Jose, CA 95126
Tel: (408) 291-6000

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# EXHIBIT 1

Entered on Docket
August 20, 2018
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed August 17, 2018

Roger L. Efremsky
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

DERRICK PAUL CHAN and
CYNTHIA REIKO CHAN,

　　　　Debtors.

Case No. 14-41673 RLE
Chapter 13

ORDER CONVERTING CASE TO CHAPTER 7

Debtors filed the above-captioned chapter 13 case on April 17, 2014. Debtors confirmed their chapter 13 plan on September 17, 2014.

On January 12, 2018, Debtors filed a Motion to Modify Plan (the "Motion to Modify"). In the Motion to Modify, Debtors proposed to add a provision that they would sell or refinance their real property located at 5829 Central Ave., Newark, CA, by June 2018. Debtors also proposed to use $75,000 of the proceeds to pay off the plan, including paying general unsecured creditors in full

(the "Modified Plan"). An order granting the Motion to Modify and approving the Modified Plan was entered on February 12, 2018.

On July 9, 2018, the chapter 13 Trustee filed a Motion to Dismiss the case on the ground that Debtors were in material default of their modified plan as a result of their failure to sell the property by June 2018 deadline (the "Motion to Dismiss"). Debtors failed to respond or object during the notice period. Thus, on August 13, 2018, the chapter 13 Trustee filed a declaration, seeking an order granting the Motion to Dismiss by default.

Section 1307(c) provides that on request of a party in interest and after notice and a hearing, the court may dismiss or convert a case, *whichever is in the best interests of creditors and the estate*, for cause. Here, the chapter 13 Trustee requested dismissal of the case. However, it appears to the court that conversion to chapter 7 would be in the best interest of creditors and the estate as it is the remedy would give creditors the benefit of the Modified Plan (i.e., 100% repayment from non-exempt equity from sale of the Property by a chapter 7 trustee).

For the foregoing reasons and good cause appearing,

IT IS HEREBY ORDERED that the case is converted to chapter 7, effective immediately.

\*\*END OF ORDER\*\*

2

COURT SERVICE LIST

***All Participants***