UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: DERRICK PAUL CHAN, CYNTHIA REIKO CHAN,<br><br>Debtors | Case No. 18-cv-05582-HSG<br><br>**ORDER DENYING EMERGENCY MOTION TO STAY ORDER OF BANKRUPTCY COURT**<br><br>Re: Dkt. No. 4 |

Pending before the Court is the emergency motion for a stay of the order of the bankruptcy court converting their Chapter 13 bankruptcy to Chapter 7, or in the alternative, an injunction against the sale of 5829 Central Ave., Newark CA 94560 (the "Subject Property") filed by Appellants Derrick Paul Chan and Cynthia Reiko Chan. Dkt. No. 4. After considering the papers, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Bankr. P. 8013(c) ("A motion will be decided without oral argument unless the district court or BAP orders otherwise."). For the following reasons, the Court DENIES the motion.

## I. BACKGROUND

Appellants filed a Chapter 13 bankruptcy case on April 17, 2014. Dkt. No. 4 at 1; Dkt. No. 6 at 1. On November 28, 2017, Appellants filed a motion to modify their Chapter 13 plan, providing that the Appellants would sell or refinance the Subject Property by June 2018. Dkt. No. 4 at 2; Dkt. No. 4-3, Ex. 6. On February 11, 2018, the bankruptcy court entered an order granting Appellants' motion to modify. Dkt. No. 4 at 3. On July 9, 2018, the Chapter 13 trustee filed a motion to dismiss Appellants' case for material default for failure to sell or refinance the property pursuant to the modified plan. Dkt. No. 4-3, Ex. 8. On August 17, 2018 the bankruptcy court issued an order converting Appellants' case from Chapter 13 to Chapter 7. *Id.* Ex. 9. Appellants

appealed the conversion order, and on September 11, 2018 the bankruptcy court heard Appellants' motion for a stay pending appeal. *See* Dkt. No. 10-1 ("Hearing Transcript"). On September 17, 2018 the bankruptcy court entered its order denying Appellants' motion for a stay. Dkt. No. 4-3, Ex. 16. Appellants now appeal the bankruptcy court's denial of their motion to stay pursuant to Fed. R. Bankr. P. 8007.

## II. LEGAL STANDARD

"When deciding whether to issue a discretionary stay pending a bankruptcy appeal, courts use the following four factors, which were imported from the standard for deciding preliminary injunctions or staying them pending appeal: (1) movant's likelihood of success on the merits of the appeal; (2) significant and/or irreparable harm that will come to movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest lies." *In re North Plaza, LLC*, 395 B.R. 113, 119-20 (S.D. Cal. 2008) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (internal quotation marks omitted).

"[O]n appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." *In re Irwin*, 338 B.R. 839, 844 (E.D. Cal. 2006) (citing *In re Blackwell*, 162 B.R. 117, 119 (E.D. Pa. 1993)). "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." *In re Universal Life Church, Inc.*, 191 B.R. 433, 437 (E.D. Cal. 1995) (citing *In re Wymer*, 5 B.R. 802, 807 (9th Cir. B.A.P. 1980)).

"A bankruptcy court abuses its discretion if [1] it applies an incorrect legal standard or misapplies the correct legal standard, or [2] if its fact findings are illogical, implausible or not supported by evidence in the record." *In re City of Stockton*, California, 542 B.R. 261, 272 (B.A.P. 9th Cir. 2015). "[D]iscretion is abused only where no reasonable man would take the view adopted by the [bankruptcy] court. If reasonable men could differ as to the propriety of the action taken by the [bankruptcy] court, then it cannot be said that the [bankruptcy] court abused its discretion." *In re Irwin*, 338 B.R. at 844 (citation omitted).

2

### III. DISCUSSION

The parties agree that the bankruptcy court applied the correct legal standard in its analysis. *See* Dkt. No. 6 at 4–5; Dkt. No. 7 at 2. Therefore, the Court reviews the bankruptcy court's factual findings for abuse of discretion. The bankruptcy court summarized its factual findings as follows:

> Here the facts are, which have been succinctly outlined by Trustee's counsel, and I don't think there is any disagreement here by debtors' counsel, that the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Court on April 17th, 2014. On January 12th, 2018, the debtors filed an amended Chapter 13 plan which provided, among other things, that the debtor would pay a hundred percent dividend to the unsecured creditors through the sale or refinancing of the property. The amended plan further provides that the sale or refinance would be completed by June 2018, at Dockets 44 through 46.
> The debtors' amended plan was confirmed by the Bankruptcy Court on February 11, 2018, at Docket Number 48. The debtors failed to comply with the terms of the amended plan and the debtors did not refinance or sell the property by the end of June 2018. Nor did the debtor file a motion with the Bankruptcy Court to modify the provisions of the amended plan or otherwise seek additional time to sell or refinance the property.
> Then on July 9, 2018, the Chapter 13 Trustee filed a motion to dismiss the debtors' case for the material breach of their amended plan, to wit, failure to sell or finance the property, as provided in the amended plan. See Docket 71.
> The debtors filed no opposition to the Chapter 13 Trustee's motion and the debtors did not seek to voluntarily dismiss their case pursuant to 11 U.S.C. Section 1307(b), which could have been filed after the end of June, and had it ruled on the Court prior to even the Trustee filing the motion to dismiss, as it could have been on seven-days notice.
> Following the passage of the notice period, the Bankruptcy Court, upon its consideration and evaluation of the debtors' case and the provisions in the amended plan, concluded, pursuant to 11 U.S.C. Section 1307(c) that "cause" existed, that it was in the best interests of the creditors and the estate to convert debtor's case from Chapter 13 to Chapter 7. After the conversion order was entered, the Trustee was appointed to administer the assets of the debtors' estate.
> The Trustee has sought and the Bankruptcy Court has granted her application to employ a real estate broker to market and sell the property. See Docket Number 69. The debtor declined to provide the broker access to the property and to deliver documents related to the mortgage, taxes, and insurance related to the property. The trustee filed an application and obtained a Section 521 order compelling the debtor to make the property available to the Trustee's broker and to deliver the requested documents. Dockets Number 72 and 75. Pursuant to representation by Trustee's counsel, there is yet to be compliance with the 521 order entered by the Court, and the Trustee has not received the documents that have been requested.

Hearing Transcript at 9:18–11:16.

## A. Likelihood of Success on the Merits

Appellants contend that they were denied due process when their bankruptcy case was converted from Chapter 13 to Chapter 7 without notice and a hearing, as required by statute. Dkt. No. 4 at 9–11. 11 U.S.C. Section 1307(c) provides:

> Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including…

11 U.S.C.A. § 1307(c).

"The phrase 'notice and a hearing' is defined by Section 102(1) and is a term of art. It does not mean that a hearing must be granted. A trial court may act without a hearing if notice has been properly given and (1) a hearing has not been requested or (2) there is insufficient time for one. Notice means 'such notice as it appropriate in the particular circumstances.'" *In re Blumer*, 66 B.R. 109, 113 (B.A.P. 9th Cir. 1986), *aff'd*, 826 F.2d 1069 (9th Cir. 1987), and *aff'd sub nom. Dunning-Ray Ins. Agency, Inc. v. Credit All. Corp.*, 826 F.2d 1069 (9th Cir. 1987) (internal citations omitted).

Appellants contend that the Chapter 13 trustee's motion to dismiss the debtors' case did not provide notice that the case could be converted, and no hearing was held. Dkt. No. 7 at 2–3. The bankruptcy court noted that "there wasn't a hearing because there was no opposition" to the motion to dismiss. Hearing Transcript at 8:18–19. The bankruptcy court further reasoned:

> With regards to the likelihood of success on the merits, the debtors assert that they are likely to succeed on the merits of the appeal because the Court's entry of the conversion order case was a violation of the debtors' due process rights. The debtor asserts that they received no notice from the Chapter 13 Trustee [that the] July 9th, 2018 motion could result in a conversion of the case to Chapter 7. The debtors assumed, as Trustee's counsel notes incorrectly and the Court agrees with, that the Chapter 13 Trustee's motion would result, at worst, in the dismissal of the bankruptcy case. The debtor asserts that entry of the order without a notice[d] motion alerting them to the fact that the case could be dismissed or converted and the Court's sua sponte conversion of the debtors' case was a violation of debtors' rights to due process, the Bankruptcy Court and the Bankruptcy

4

Rules. However, when a bankruptcy court addresses a motion under 11 U.S.C. Section 1307(c), the court is required to engage in a two-step analysis. First, it must determine that there is cause to act. Second, once a determination of cause has been made, a choice must be made between conversion and dismissal based on the best interests of creditors and the estate. *See In re Nelson*, 343 B.R. 671, 675, a 9th Circuit decision from the BAP, 2006; and *Torbjorn Berg versus Martha Bronitsky, et al.,* BAP Case Number NC-12-1358, Main Case Number 11-47338, pages 13 to 14, footnote 9, a 2013 decision.

In sum, the entry of the conversion order did not violate the debtors' due process rights or provisions of the Bankruptcy Code or Rules. Had the debtor sought, as they assert in their motion, to have their case dismissed as a consequence of their breach of the amended plan, they could have easily achieved this result by simply filing a request for dismissal pursuant to 11 U.S.C. Section 1307(b). No such request was made. And, again, as the Court noted previously, that request could have been made after the end of June, prior to the time the Trustee field the motion to dismiss the case. Instead, the debtors took no action to oppose the Section 1307(c) motion or seek a modification of the amended plan. In its evaluation of the 1307(c) motion, the Court exercised its statutory obligation and conducted the required two-step inquiry.

First, the cause existed under 11 U.S.C. Section 1307(c) to dismiss or convert the case by virtue of debtors' failure to comply with the provisions of their amended plan. Once the Court concluded that cause existed, the Court determined that conversion was in the best interests of the creditors of the estate. The debtors do not dispute that the Court's conclusion that cause to convert or dismiss exists under 1307(c). The debtors were in default under the provisions of the plan, which caused to convert or dismiss pursuant to 11 U.S.C. Section 1307(c)(1) or (6).

Here the debtors had contracted through the Bankruptcy Court Chapter 13 process to either sell or refinance the subject property, paying the Trustee $75,000 by the end of June. Debtor did not do that, was not in compliance with the plan. Ninety-nine days later, the trustee brought a motion to convert the case under Section 1307(c). There was notice and opportunity to be heard. There was no opposition form, and the Court subsequently issued an order.

The second prong of that test, the Court made an informed decision that conversion was in the best interests of the creditors and the estate as this was a hundred percent plan and there was equity represented in the property that would have paid the secured debt, the priority debt, likely would have paid possibly the exempt amount, and left money leftover to pay the unsecured creditors in full.

In response to the Trustee's—and in response to the—or, excuse me. The Court also notes that with regards to the request for stay pending appeal, the debtor has indicated that if this Court were to dismiss the case, the debtor would intend to file a new Chapter 13 plan paying 100 percent of the amount owed to the unsecured creditors. And this is exactly what the Trustee is attempting to do to carry out the concerns of the debtors' plan, which was to pay a hundred percent to the unsecured creditors by way of sale of the property, which the debtor contracted to with their amended motion, which was granted by this Court. As such, the Court does not find that the debtor is likely to prevail on the merits of this case.

5

Hearing Transcript at 11:17–14:17.

Appellants contend that the cases cited by the bankruptcy court, *In re Nelson* and *In re Berg*, are distinguishable because an actual hearing was held in those cases. Dkt. No. 7 at 2–3. However, it was not illogical or implausible for the bankruptcy court to find that no hearing was required under 11 U.S.C. § 102, because Appellants did not request a hearing on, or submit an opposition to, the motion to dismiss. *See* Hearing Transcript at 8:18–19.

Appellants additionally contend that their appeal is likely to succeed on the merits because the bankruptcy court erred in finding that conversion was in the best interest of the creditors and the estate. Dkt. No. 7 at 3. Appellants contend that the Subject Property had no non-exempt equity available of any value to the estate, and that conversion was therefore not in the best interest of the creditors. *Id.*

Appellants did not present this argument to the bankruptcy court for consideration in their motion for a stay pending appeal. *See* Dkt. No. 4-3, Ex. 14. "An appellate court should not consider new issues not properly raised before the court below." *In re Blagg*, 223 B.R. 795, 804 (B.A.P. 10th Cir. 1998). Because Appellants did not present any evidence in the record provided to the bankruptcy court in its moving papers or during hearing regarding this argument, this Court cannot find that the bankruptcy court abused its discretion in failing to consider it.

**B.  Irreparable Harm**

The bankruptcy court reasoned as follows:

> As to the second issue of irreparable harm, the debtor has indicated that they want to hold onto the subject property, despite the fact that they confirmed a plan that called for the sale or refinancing [of] the property by the end of June 2018. The debtor says that they were unable to refinance the property, but indicate no efforts whatsoever to sell the property. Again, the Court questions how this debtor can be prejudiced by the Trustee selling the property, which is exactly what the debtor proposed and represented to this Court. This Court relied upon in granting the motion to modify the plan that called for either the sale or refinance of the subject property to pay the 75,000 amount that would have been due the Chapter 13 Trustee.
> It will basically carry out what the debtor now says that if the case were dismissed, the debtor would turn around, file yet another Chapter 13 plan, and pay 100 percent to the unsecured creditors. Again, the Court does not see the prejudice to the debtor here in carrying out what they originally contracted with this Court to do.

6

Hearing Transcript at 14:18–15:10.

Appellants contend that they have suffered the irreparable harm of enduring a violation to their due process rights, and that the potential loss of their home would constitute an additional irreparable injury. Dkt. No. 4 at 17–18.

Although the bankruptcy court did not directly address an irreparable harm based on Appellants' first contention regarding their due process rights, given the bankruptcy court's finding that "[t]here was notice and opportunity to be heard" provided to Appellants, it was not clearly erroneous to conclude that no irreparable harm would result should a stay not be imposed on that basis. Hearing Transcript at 13:21–22.

"The loss of one's home generally qualifies as irreparable injury." *Shaw v. Specialized Loan Servicing, LLC*, No. 14-00783 MMM (MRWX), 2014 WL 12569530, at *4 (C.D. Cal. July 3, 2014) (collecting cases). Nevertheless, it was not clearly erroneous for the bankruptcy court to conclude that the harm caused by the potential loss of Appellants' home via sale by the Chapter 7 Trustee is substantially offset by Appellants' representations to the bankruptcy court that they would themselves sell the Subject Property. In light of Appellants' November 28, 2017 motion to modify their Chapter 13 plan, Dkt. No. 4 at 2, Ex. 6, and the bankruptcy court's February 11, 2018 order granting Appellants' motion to modify based in part on their representation that they intended to sell the Subject Property by a specified date, *see* Dkt. No. 4 at 3; Hearing Transcript at 15:1–4, the Court finds that the bankruptcy court did not abuse its discretion in reasoning that Appellants are not prejudiced by the potential sale of their home by the Chapter 7 Trustee under the circumstances.

**C.    Harm to Adverse Party**

The bankruptcy court did not abuse its discretion in finding that the harm to the creditors weighs in favor of denying the motion to stay. Appellants contend that the Subject Property "is an appreciating asset which provides for very minimal risk of depreciation sufficient enough to deny Creditors a 100% repayment should, in the very unlikely event, Debtors' be unsuccessful in their Appeal." Dkt. No. 4 at 19. The bankruptcy court addressed Appellants' contentions and reasoned as follows:

> The third prong is the prejudice to other affected parties, specifically, the creditors of the estate. There is no evidence whatsoever as to the specific value of the property. The debtors have failed to cooperate with the Trustee's counsel and provide the information that would set forth the amount due to the secured creditor, taxes, any other liens on the property so that the Trustee would have this information to evaluate the same. Given the fact that there is no evidence to support that the property is going to tend to appreciate, or there are other factors outside the controls of the party here, that the party could depreciate, that burden has not been met by the debtor, and debtor fails on the third prong of that test as well.

Hearing Transcript at 15:11–22.

The Court finds that the bankruptcy court's reasoning and conclusions were not clearly erroneous as to harm to the adverse party.

### D. Public Interest

The bankruptcy court reasoned as follows:

> Finally, as to public interest, debtor argues that retaining property is a strong public interest that lies here. On the other side of that coin is the fact that the creditors are entitled to have a prompt resolution of a bankruptcy. Here the debtors have been in bankruptcy for over four and a half years, proposed a plan to pay a hundred percent off by the end of June 2018. The debtors claim that they have failed—or have been unable to obtain refinancing, but they provide no evidence whatsoever that they made any attempt to sell the subject property in order to comply with the terms of the plan they proposed and was relied upon and confirmed by this Court.
> Again, here I think that the public interest to the extent it's affected here lies in favor of the Trustee's argument, and the motion for stay pending appeal is denied.

Hearing Transcript at 15:23–16:11.

Because the bankruptcy court's finding that the public interest weighs in favor of protecting the creditors' right to a swift resolution to the bankruptcy proceedings was not clearly unreasonable, illogical, or erroneous, the Court finds that the bankruptcy court did not abuse its discretion in evaluating this factor.

//
//
//
//
//

8

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the order of the bankruptcy court denying Appellants' request for a stay pending appeal, and **DENIES** Appellants' emergency motion for a stay and request for an injunction against the sale of the Subject Property.

**IT IS SO ORDERED.**

Dated: 11/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge